1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SAMUEL WINDHAM, JR.,                       No.  2:15-cv-1058 MCE CKD P

12                 Plaintiff,

13          v.                                    ORDER AND

14    CALIFORNIA MEDICAL FACILITY, et             FINDINGS AND RECOMMENDATIONS
      al.,

15

16                 Defendants.

17          Plaintiff is a California prisoner proceeding pro se with a civil action.  On January 28,

18    2016, the court screened plaintiff's first amended complaint, as the court is required to do under

19    28 U.S.C. § 1915A, and found service of process appropriate for defendants Yun and Sabin with

20    respect to claims arising under the Eighth Amendment and for negligence under California law.

21    All claims concern denial of adequate medical care.  Defendant Sabin and Yun's motion for

22    summary judgment as to the Eighth Amendment claims is before the court.

23    I. Plaintiff's Allegations

24          In his amended complaint (ECF No. 15), which is signed under the penalty of perjury,

25    plaintiff alleges that on May 8, 2013, plaintiff was treated at the University of California at San

26    Francisco Hospital (UCSF) for a burn on his right upper thigh.  The treatment included a skin

27    graft from his lower stomach to his right upper thigh.  On May 21, 2013, plaintiff was released

28    from UCSF to the California Medical Facility (CMF).  According to plaintiff, when he was

                                                   1

1  released to CMF, doctors at UCSF sent orders with him indicating that plaintiff should return to

2  UCSF in 10 days for a follow up, and that his wounds were not to be disturbed until he returned

3  to UCSF.

4      Upon plaintiff's arrival at CMF, he was placed in the "G-2 hospital wing."  On or around

5  May 22, 2013, defendant Yun, a registered nurse whom plaintiff identified by her name tag,

6  visited plaintiff and indicated that she would be changing the dressings on his wounds.  Plaintiff

7  informed Nurse Yun that only the dressings on the wounds on his left leg could be changed.[1]

8  Plaintiff said the dressing on his right upper thigh and lower stomach could not be disturbed until

9  his 10 day follow-up.  Plaintiff suggested that defendant Yun check his medical records.

10     Defendant Yun insisted that she was told to change all of plaintiff's dressings.   Plaintiff

11  was then given the option of having all of his dressings changed or refusing treatment altogether.

12  Eventually, plaintiff agreed to have all of his dressings changed.

13     According to plaintiff, when defendant Yun removed the bandage on plaintiff's right

14  thigh, plaintiff's skin graft came off causing plaintiff extreme pain and exposing a "big circle of

15  open human flesh."  Plaintiff immediately asked to see a doctor, but Yun simply left the room.

16  Other nurses heard plaintiff screaming and administered treatment until the on-call physician

17  arrived.

18     Plaintiff alleges that defendant Dr. Sabin was plaintiff's primary physician at CMF on

19  May 22, 2013.  He further alleges that Dr. Sabin ordered defendant Yun to change the dressing on

20  plaintiff's right thigh, thereby ignoring the orders received from UCSF.

21  II.  Summary Judgment Standard

22     Summary judgment is appropriate when it is demonstrated that there "is no genuine

23  dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

24  Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by

25  "citing to particular parts of materials in the record, including depositions, documents,

26

27  [1] Plaintiff does not make clear the nature of his wounds on his left leg, although the court assumes
   he had burns there as well since plaintiff alleges in his amended complaint that he had burns on

28  80% of his body.  Am Compl. at 9.

1   electronically stored information, affidavits or declarations, stipulations (including those made for

2   purposes of the motion only), admissions, interrogatory answers, or other materials. . .” Fed. R.

3   Civ. P. 56(c)(1)(A).

4         Summary judgment should be entered, after adequate time for discovery and upon motion,

5   against a party who fails to make a showing sufficient to establish the existence of an element

6   essential to that party's case, and on which that party will bear the burden of proof at trial. See

7   Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  “[A] complete failure of proof concerning an

8   essential element of the nonmoving party's case necessarily renders all other facts immaterial.”

9   Id.

10        If the moving party meets its initial responsibility, the burden then shifts to the opposing

11  party to establish that a genuine issue as to any material fact actually does exist. See Matsushita

12  Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the

13  existence of this factual dispute, the opposing party may not rely upon the allegations or denials

14  of their pleadings but is required to tender evidence of specific facts in the form of affidavits,

15  and/or admissible discovery material, in support of its contention that the dispute exists or show

16  that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed.

17  R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the

18  fact in contention is material, i.e., a fact that might affect the outcome of the suit under the

19  governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,

20  Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

21  genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving

22  party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

23        In the endeavor to establish the existence of a factual dispute, the opposing party need not

24  establish a material issue of fact conclusively in its favor.  It is sufficient that “the claimed factual

25  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

26  trial.” T.W. Elec. Serv., 809 F.2d at 631.  Thus, the “purpose of summary judgment is to ‘pierce

27  the pleadings and to assess the proof in order to see whether there is a genuine need for trial.’”

28  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963

1    amendments).

2        In resolving the summary judgment motion, the evidence of the opposing party is to be

3    believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the

4    facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475

5    U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

6    obligation to produce a factual predicate from which the inference may be drawn.  See Richards

7    v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902

8    (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than

9    simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record

10   taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

11   'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

12   III.  Eighth Amendment Standard For Healthcare

13       Denial or delay of medical care for a prisoner's serious medical needs may constitute a

14   violation of the prisoner's Eighth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05

15   (1976).  An individual is liable for such a violation only when the individual is at least

16   deliberately indifferent to a prisoner's serious medical needs.  Id.

17       A showing of merely negligent medical care is not enough to establish a constitutional

18   violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998).  A difference of opinion about

19   the proper course of treatment is not deliberate indifference, nor does a dispute between a

20   prisoner and prison officials over the necessity for or extent of medical treatment amount to a

21   constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

22   IV.  Analysis

23       At the outset, the court acknowledges that the evidence before it reflects that at some point

24   after surgery, plaintiff's skin graft failed, and stuck to a bandage that was removed for the wound

25   to be cleaned and re-bandaged.[2]  But plaintiff's Eighth Amendment claims for deliberate

26   /////

27   _____

28   [2]  Plaintiff claims that this happened on May 22, but documentary evidence reflect a date of May
     25.

                                                      4

1    indifference fail because he does not raise a genuine issue of material fact that either defendant

2    knew of a serious medical need and ignored that need.

3           A.  Nurse Yun

4           As indicated above, plaintiff alleges that defendant Yun changed his bandages on May 22,

5    in contravention of the discharge orders from UCSF which stated that the wound should not be

6    disturbed.  ECF 15 at 10.  First, the plaintiff misrepresents the discharge orders from UCSF;

7    rather than precluding re-bandaging, the orders specifically instructed that he "change [the]

8    dressing regularly after you get home."  ECF No. 42 at 40. Second, the plaintiff omits discussion

9    of the medical orders of CMF Dr. Mo, which required the dressing to be changed twice a day.

10   ECF No. 42, Ex. 7.  Finally, although plaintiff alleges that the injury was caused by defendant

11   Yun on May 22, evidence before the court documents that defendant Yun was not working on

12   May 22, and that the event actually occurred on May 25.  ECF No. 40, Ex. 12, at 60.

13          In her affidavit (ECF No. 44), defendant Yun asserts that she was not present when the

14   damage to plaintiff's skin graft occurred, and none of the records before the court suggest who

15   was.  Further, in her affidavit, defendant Yun indicates that after plaintiff came back from UCSF,

16   she followed the orders of CMF Dr. Mo, and changed plaintiff's dressing on his right thigh on

17   May 23, 2013 and assisted another nurse in changing the dressing on May 24, 2013. Id.

18          In light of the foregoing, there is nothing before the court indicating that defendant Yun's

19   changing of plaintiff's dressing at any time amounted to deliberate indifference to plaintiff's

20   condition.  Even accepting plaintiff's allegations that defendant Yun was the nurse who removed

21   the bandage damaging the skin graft, the evidence before the court indicates she was following

22   the medical orders of Dr. Mo to change plaintiff's dressings.  Additionally, the dressing changes

23   prior to the one which caused plaintiff injury were uneventful and would not have put defendant

24   Yun on notice that further bandage changes would be harmful.

25          For all the foregoing reasons, defendant Yun is entitled to summary judgment.

26          B.  Dr. Sabin

27          Plaintiff alleges that Dr. Sabin was primary care physician as CMF.  ECF No. 15 at 12.

28   Plaintiff fails to allege, however, that Dr. Sabin had any role whatsoever in plaintiff's treatment

1   after his surgery at UCSF.   In his affidavit (ECF No. 43), Dr. Sabin indicates that in May, 2013,

2   when plaintiff returned from skin graft surgery at UCSF, Dr. Sabin did not work in the G-2 wing

3   at CMF.  Dr. Sabin indicates at that time he was assigned to the G-3 "Outpatient Housing Unit."

4   Plaintiff normally was housed in G-3, but, as plaintiff alleges, plaintiff was housed in G-2 when

5   he came back from UCSF.  Dr. Sabin asserts he did not participate in plaintiff's care while

6   plaintiff was housed in G-2.

7         Plaintiff fails to point to any evidence contradicting the contents of Dr. Sabin's affidavit.

8   Further, plaintiff fails to point to any evidence which supports the allegation in his complaint that

9   the changing of plaintiff's dressing on his upper right thigh by defendant Yun was done at the

10   direction of Dr. Sabin.  For these reasons, there is no genuine issue of material fact as to whether

11   defendant Dr. Sabin was ever at least deliberately indifferent to plaintiff's serious medical needs.

12   Accordingly, defendant Sabin is entitled to summary judgment.[3]

13   V.  California Law Negligence Claims

14         The court has supplemental jurisdiction over plaintiff's remaining state law negligence

15   claims pursuant to 28 U.S.C. § 1367.  However, when all federal claims have been dismissed

16   before trial, the interests promoted by supplemental jurisdiction are no longer present, and a court

17   should decline to exercise jurisdiction over state law claims.  Carnegie Mellon University v.

18   Cohill, 484 U.S. 343, 350 n. 7 (1988).  Therefore, the court will recommend that plaintiff's

19   negligence claims be dismissed without prejudice to filing in state court.

20   VI.    Miscellaneous

21         On March 2, 2017, plaintiff filed a request for a settlement conference.  In light of the

22   foregoing, that request will be denied.  Plaintiff also requests summary judgment.  E.g. ECF 50-5

23   at 1.  However, plaintiff fails to make any coherent argument suggesting he is entitled to

24   summary judgment and, as indicated above, the evidence before the court does not support such a

25   finding.

26   ───────────────

27   [3]  Both defendants Yun and Sabin are also entitled to summary judgment on the basis of "qualified immunity" as there is no evidence before the court that their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.

28   Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

VII.    Plain Language Summary for Pro Se Litigants

Since you are acting as your own attorney in this case, the court wants to make sure that the words of this order are understood.  The following information is meant to explain this order in plain English and is not intended as legal advice.

The court is denying your request for a settlement conference and is recommending to the district judge assigned to this case that the defendants' motion for summary judgment be granted. The court finds that you have not produced evidence sufficient to show that either defendant was aware of a serious medical need and ignored that need. The court is also recommending that the state law claims for negligence you have included in your complaint be dismissed, although you could file those claims in state court.  You have fourteen days to file objections to this court's order.  If you do not file objections within fourteen days, you may waive your right to appeal the District Court's order.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request that the court hold a settlement conference (ECF No. 61) is denied.

IT IS HEREBY RECOMMENDED that:

1.  Defendants' motion for summary judgment (ECF No. 39) be granted with respect to plaintiff's remaining Eighth Amendment claims against defendants Yun and Sabin;

2.  Plaintiff's remaining negligence claims be dismissed without prejudice to filing in state court;

3.  Plaintiff's motion for summary judgment be denied; and

4.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

/////

/////

1  objections shall be served and filed within fourteen days after service of the objections. The

2  parties are advised that failure to file objections within the specified time may waive the right to

3  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4  Dated: July 14, 2017

5                                    _____
                                     CAROLYN K. DELANEY
6                                    UNITED STATES MAGISTRATE JUDGE

7

8

9  1
   wind1058.msj

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28